**MCGUIREWOODS LLP**
Anthony Q. Le (SBN 300660)
ale@mcguirewoods.com
1800 Century Pk E, Seventh Floor
Los Angeles, CA 90067
Tel: (310) 315-8225
Fax: (310) 315-8210

**MCGUIREWOODS LLP**
K. Issac deVyver (admitted *pro hac vice*)
kdevyver@mcguirewoods.com
Tower Two-Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
Tel: (412) 667-7988
Fax: (412) 667-7976

*Attorneys for Defendants Hometap Equity Partners, LLC and Hometap Investment Partners II, L.P.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARLENE CRAWFORD and MICHAEL SAUNDERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOMETAP EQUITY PARTNERS, LLC and HOMETAP INVESTMENT PARTNERS II, L.P.,<br><br>Defendants. | **Case No. 5:26-cv-03457-KK-AS**<br><br>**DECLARATION OF ANTHONY Q. LE IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date: December 3, 2026<br><br>Time: 9:30 a.m.<br><br>Judge: Hon. Kenly Kiya Kato |

# DECLARATION OF ANTHONY Q. LE

I, Anthony Le, declare as follows:

1. I am a partner with the law firm McGuireWoods LLP and a member of the firm's litigation practice in its Los Angeles, California office. I am an attorney licensed to practice law in California and before this Court, and I am counsel of record for Defendants Hometap Equity Partners, LLC and Hometap Investment Partners II, L.P. (collectively, "Hometap") in the above-captioned matter. The facts contained herein are within my personal knowledge; if called as a witness, I could and would testify to the matters set forth herein.

2. I submit this declaration in support of Defendants' Motion to Compel Arbitration and Stay Proceedings ("Motion to Compel Arbitration").

3. Pursuant to Local Rule 7-3, on August 12, 2026, my colleagues and I conducted a meet-and-confer conference via video conference on Microsoft Teams with Plaintiffs' counsel regarding the relief requested in the Motion to Compel Arbitration—namely, an order compelling Plaintiffs to submit their claims to arbitration and stay this action pending resolution of the arbitration.

4. During the meet-and-confer conference, we explained that Hometap intended to file the Motion to Compel Arbitration, shared the basis for filing the motion, and solicited feedback about the motion.

5. Plaintiffs' counsel did not agree to the relief requested in the Motion to Compel Arbitration, but noted that counsel considered Hometap's meet-and-confer obligation satisfied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14, 2026, in Los Angeles, California.

*<u>/s/ Anthony Q. Le</u>*
Anthony Q. Le